**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **OSMAN S. MUSTAFA** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:19-cv-1538** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

<u>**DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 240th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

**I.**
**PROCEDURAL BACKGROUND**

1.     On March 26, 2019, Plaintiff filed this action against State Farm in the 240th Judicial District Court of Fort Bend County, Texas.  The state cause number is 19-DCV-260926 ("State Court Action").  In Plaintiff's Original Petition ("Original Petition"), Plaintiff seeks monetary relief over $100,000.  State Farm was served on March 29, 2019.  State Farm filed its answer on April 18, 2019.

2.     In accordance 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 240th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## II.
## NATURE OF SUIT

3.     Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed

to him in accordance with his insurance policy for damage to his home and other property caused

by wind.[1]  Plaintiff asserts causes of action for breach of contract and for violations of Chapters

541 and 542 of the Texas Insurance Code, and breach of the common law duty of good faith and

fair dealing. *Id*. at pages 3-6.

## III.
## BASIS OF REMOVAL

4.     The Southern District of Texas has jurisdiction over this action, pursuant to 28

U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy

exceeds $75,000, exclusive of interests and costs.

5.     First, the parties are diverse. At all relevant times, Plaintiff was, and continues to

be, a Texas citizen.  Plaintiff's Original Petition at page 1.  State Farm Lloyds is an association of

individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is

defined and set out in Chapter 941 of the Texas Insurance Code.   The citizenship of an

unincorporated association is determined by the citizenship of each member of the entity, not by

the state where the entity is organized.  *Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882–

83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see Griggs v.

State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen

of Illinois); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at *1 (S.D.

Tex. Oct. 31, 2003) (same).  At all relevant times, State Farm was, and continues to be, an

unincorporated insurance association whose underwriters were, and still are, citizens of states other

---

[1]     Plaintiff's Original Petition at page 2.

than Texas. *See* attached Affidavit of Michael Roper. Accordingly, State Farm is not a citizen of the State of Texas.

6.      Second, the amount in controversy exceeds 75,000. Plaintiff has pled that his damages exceed $100,000. Plaintiff's Original Petition page 9. Thus, removal to the Southern District of Texas is proper.

## IV.
### REMOVAL PROCEDURES

7.      On March 26, 2019, Plaintiff filed this case against State Farm in the 240th Judicial District Court of Fort Bend County, Texas. State Farm was served on March 29, 2019. State Farm filed its Answer on April 18, 2019. This Notice of Removal is being timely filed on April 26, 2019. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service, *see* 28 U.S.C. § 1446(b)(1), and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(c)(1).

8.      The Houston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged by wind and which forms the basis of Plaintiff's lawsuit, is located in Fort Bend County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Fort Bend County. 28 U.S.C. § 1441(a). Fort Bend County is within the jurisdictional limits of the Houston Division. 28 U.S.C. § 124(b)(2).

9.      All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A. In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Fort Bend County District Clerk's Office and served on the Plaintiff.

10.      A jury fee was paid in state court and Defendant hereby request a jury trial in this cause of action.

## V.
## <u>PRAYER</u>

11.     State Farm respectfully requests that the above-styled action now pending in the 240th Judicial District Court of Fort Bend County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____
**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
James A. Tatem
State Bar No. 00785086
Federal I.D. No. 16798
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
jatatem@germer.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 26th day of April , 2019.

Shannon E. Loyd                                                 <u>VIA CM/ECF</u>
Sandrine Shelton-Denbow
THE LOYD LAW FIRM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249


**DALE M. "RETT" HOLIDY**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **OSMAN S. MUSTAFA** | § | **C.A. NO.** _____ |
| | § | **(JURY)** |
| **vs.** | § | |
| | § | |
| **STATE FARM LLOYDS** | § | |

## <u>AFFIDAVIT OF MICHAEL ROPER</u>

This day appeared before me, the undersigned authority, MICHAEL ROPER, who after being duly sworn, deposed and stated as follows:

1.      "My name is Michael Roper. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2.      I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also the Assistant Vice-President - Accounting for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3.      As part of my job duties for State Farm Mutual, I oversee the department that maintains the books and records used to prepare and file the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4.      State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5.      As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6.      As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have firsthand knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7.      On March 19, 2018 the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated February 1, 2018 had been placed on file and that its records had been updated to reflect the following changes to the underwriters: Katinka Meijerink Bryson replaced Shyama Nichelle Terry, Wensley John Herbert replaced

1

Jon Charles Farney, Kimberly Ann Sterling replaced Jack W. Watts, Jr. and Michael James Arnold replaced Kevin Harper McKay. The underwriters following the changes made by the Amended Articles of Agreement are listed below:

- Angela Kaye Sparks:  Ms. Sparks maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Annette Romero Martinez:  Ms. Martinez maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Mark Edward Schwamberger:  Mr. Schwamberger maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert:  Mr. Herbert maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson:  Ms. Bryson maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold:  Mr. Arnold maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich:  Mr. Heidrich maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kathleen Mary Pechan:  Ms. Pechan maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark:  Ms. Roark maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Laurette Catherine Stiles:  Ms. Stiles is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an

intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Robert Hun Sang Yi: Mr. Yi is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8. At all times since the March 19, 2018 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.

FURTHER AFFIANT SAYETH NAUGHT."

_Michael Roper_

MICHAEL ROPER

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the _19th_ day of April, 2019.

OFFICIAL SEAL
KAREN HAMILTON
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires January 07, 2022

_Karen Hamilton_

Notary Public for the State of Illinois

3

# **EXHIBIT A**

### LIST OF ATTORNEYS/PARTIES

1.    Shannon E. Loyd
    shannon@theloydlawfirm.com
    Sandrine Shelton-Denbow
    THE LOYD LAW FIRM, P.L.L.C.
    12703 Spectrum Drive, Suite 201
    San Antonio, Texas 78249
    Telephone: (210) 775-1424
    Facsimile: (210) 775-1410

*Attorneys for Plaintiff*

2.    Dale M. "Rett" Holidy
    rholidy@germer.com
    James A. Tatem
    jatatem@germer.com
    GERMER PLLC
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    Telephone: (713) 650-1313
    Facsimile: (713) 739-7420

*Attorneys for Defendant*

### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

### OSMAN MUSTAFA VS. STATE FARM LLOYDS

(a)    Plaintiff's Original Petition
(b)    Notice of Service Process for State Farm Lloyds (return citation not filed in State Court)
(c)    Defendant State Farm Lloyds' Original Answer
(d)    Docket Sheet

Filed
3/26/2019 3:01 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. **19-DCV-260926**

| | |
|---|---|
| OSMAN S. MUSTAFA | § IN THE DISTRICT COURT |
| | § Fort Bend County - 240th Judicial District Court |
| V. | § _____ JUDICIAL DISTRICT |
| | § |
| STATE FARM LLOYDS | § FORT BEND COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff OSMAN S. MUSTAFA, files this Original Petition against STATE FARM

LLOYDS (referred to herein as the "State Farm") and in support thereof would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules

of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore,

Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control

plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Fort Bend County, Texas.

State Farm is in the business of insurance in the State of Texas. The insurance business

done by State Farm in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and



1

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

Defendant **State Farm Lloyds** may be served by serving its Registered Agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218 by certified mail, return receipt requested. **Service is requested at this time.**

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Fort Bend County, Texas because all or part of the conduct giving rise to the causes of action were committed in Fort Bend County, Texas and Plaintiff and property which is the subject of this suit are located in Fort Bend County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### BACKGROUND FACTS

Plaintiff is the owner of an Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm. Plaintiff own the insured Property which is located at 5003 Beannon Hill Ct. Sugar Land, Texas 77479 (hereinafter collectively referred to as "the Property"). State Farm sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff's Property sustained covered losses when wind and resulting water damaged the Property, and Plaintiff timely reported same to State Farm pursuant to the terms of the Policy. Plaintiff asked that State Farm cover the cost of repairs to the Property pursuant to the Policy. State Farm and its adjusters failed to conduct a full, fair and reasonable investigation of Plaintiff's covered damages. Defendant has kept and has in its possession a claim file which details the Plaintiff's claim and its investigation, adjustment and subsequent underpayment of the claim.

As detailed in the paragraphs below, State Farm failed to fully investigate and adjust

2

all damages associated with the loss, and State Farm wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, State Farm delayed and continues to delay in the payment for all of the covered damages to the Property.

## V.
## CAUSES OF ACTION

### A. BREACH OF CONTRACT

Plaintiff re-alleges the foregoing paragraphs. State Farm and its agents' conduct constitute a breach of the insurance contract between it and Plaintiff. State Farm' failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

State Farm failed to perform its contractual duty to adequately compensate Plaintiff under the terms of its Policy. Specifically, State Farm refused to pay the full proceeds of the Policy after delaying and conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. State Farm' conduct constitutes a breach of the insurance contract between it and Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE

#### 1. UNFAIR SETTLEMENT PRACTICES

Plaintiff re-alleges the foregoing paragraphs. Texas law is clear that insurance companies and anyone engaged in the business of insurance by investigating and adjusting a claim must conduct a reasonable, full and fair claim investigation. State Farm violated Chapter 541 of the Texas Insurance Code, in one or more of the following particulars:

3

**§ 541.051. Misrepresentation regarding Policies.**

- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the terms of a policy; and
- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the benefits of a policy.

**§ 541.060. Unfair Settlement Practices.**

Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;
- making misrepresentations of law;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;
- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claim;
- refusing to affirm or deny coverage within a reasonable time;
- refusing to conduct a reasonable investigation;
- ignoring damage known to be covered by the Policies; and/or
- conducting an outcome-oriented investigation in order to provide a basis to underpay the claim.

**§ 541.061. Misrepresentation of Insurance Policy.**

- Making an untrue statement of material fact;
- Failing to state a material fact necessary to make other statements made not misleading;
- Making a misleading statement; and
- Failing to disclose a material matter of law.

## 2.    THE PROMPT PAYMENT OF CLAIMS

Plaintiff re-alleges the foregoing paragraphs. State Farm' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

State Farm failed to meet its obligations under the Texas Insurance Code regarding timely

4

acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily-mandated time of receiving all necessary information. Their conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

State Farm failed to timely pay the claim. TEX. INS. CODE §542.057.

State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, they have delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the covered losses. State Farm' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

Because of State Farm' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff re-alleges the foregoing paragraphs. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insureds pursuant to insurance contracts.

From and after the time Plaintiff's claim was presented to State Farm, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable

5

insurance company would have relied to deny the full payment. State Farm' conduct constitutes a breach of the common law duty of good faith and fair dealing.

Further, State Farm' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by Defendant as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## VII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described

6

above, Plaintiff asks for three times the actual damages, as well as damages for mental anguish. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as five percent added to the interest rate determined under Section 304.003, Finance Code, interest calculated per annum, on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage to the Property caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

7

Any other construction and its use by State Farm violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that State Farm provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION

1) Produce the non-privileged portion of State Farm' complete claim file for Plaintiff's Property relating to or arising out of any damages caused by the loss for which State Farm opened a claim under the Policy.

2) Produce all emails and other forms of communication between State Farm, its agents, adjusters, employees, or representatives and the Adjusters, and/or their agents, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's Property which is the subject of this suit.

## XII.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein. Plaintiff further requests that, on final hearing, Plaintiff has judgment against Defendant for an amount, deemed to be just and fair by the jury, which will be a sum within

the jurisdictional limits of this Court. FOR THE COURT: Plaintiff is forced to state a range amount of damages sought although Plaintiff believes that the amount of damages is solely for the jury to determine. However, because Plaintiff must state a range of damages, Plaintiff pleads that the damages are over $100,000 but not more than $200,000. Plaintiff further pleads for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against State Farm Lloyds, to which Plaintiff may be justly entitled.

### PLAINTIFF REQUESTS A TRIAL BY JURY

Respectfully submitted,

THE LOYD LAW FIRM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
Telephone: (210) 775-1424
Facsimile: (210) 775-1410
Electronic Mail: shannon@theloydlawfirm.com

BY: _____

SHANNON E. LOYD
State Bar No. 24045706
SANDRINE SHELTON-DENBOW
State Bar No. 24046830

ATTORNEYS FOR PLAINTIFF



**null / ALL**
**Transmittal Number: 19578165**
**Date Processed: 03/29/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Osman S. Mustafa vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fort Bend County District Court, TX |
| **Case/Reference No:** | 19-DCV-260926 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/29/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Shannon E. Loyd<br>210-775-1424 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SERVICE FEE COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

**TO:** **STATE FARM LLOYDS**
**CORPORATION SERVICE COMPANY**
**211 E 7TH STREET SUITE 620**
**AUSTIN TX 78701-3218**

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **MARCH 26, 2019,** a default judgment may be taken against you.

The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-260926** and is styled:

**OSMAN S. MUSTAFA V. STATE FARM LLOYDS**

The name and address of the attorney for **PLAINTIFF** is:

**SHANNON E. LOYD**
**THE LOYD LAW FIRM PLLC**
**12703 SPECTRUM DRIVE SUITE 201**
**SAN ANTONIO TX 78249**
**210-775-1424**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 27th day of March, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By:_____
Deputy District Clerk **SALENA M JASSO**
Telephone: **(281) 341-3787**

**SERVICE**

**19-DCV-260926**          **240th Judicial District Court**

**Osman S. Mustafa V. State Farm Lloyds**

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the _____ at _____ o'clock and executed _____

_____ on the _____ by delivering to the within named _____

_____ by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of

this citation together with the accompanying copy of the petition were attached thereto.

Fee......... **$8.00 Issuance + $80.00 Service = $88.00**

**CMRRR# 9414 7266 9904 2140 9901 54**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By:_____
       Deputy District Clerk **Salena M Jasso**

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
              (First, Middle, Last)

_____, and my address is _____
                                                (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____,

on the day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

Citation (By Certified Mail) issued to State Farm Lloyds on 3/27/2019

Filed
4/18/2019 3:33 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Katherine Chambers

## CAUSE NO. 19-DCV-260926

| | | |
|---|---|---|
| OSMAN S. MUSTAFA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 240TH JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-entitled and numbered cause, and files its Original Answer to the allegations contained in Plaintiff's Original Petition, and all subsequent amended or supplemental petitions filed against it, and shows as follows:

## I.
## GENERAL DENIAL

1.     State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

## II.

## DEFENSES

2.     **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.      **Payment.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

4.      **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5.      **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6.      **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiff has failed to satisfy the conditions of the Policy requiring Plaintiff to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

2.      **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.    give immediate notice to us or our agent…

b.    protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

c.    prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d.    as often as we reasonably require:

    (1)    exhibit the damaged property;

    (2)    provide us with records and documents we request and permit us to make copies

(3)     submit to and subscribe, while not in the presence of any other insured:
(a) statements; and
(b) examinations under oath, and

(4)     household or others for examination under oath to the extent it is within the **insured's** power to do so; and

e.     submit to us, within 91 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
(1) the time and cause of loss;
(2) interest of the insured and all others in the property involved and all encumbrances on the property;
(3) other insurance which may cover the loss;
(4) changes in title or occupancy of the property during the term of this policy;
(5) specifications of any damaged building and detailed estimates for repair of the damage;
(6) an inventory of damaged or stolen personal property described in 2.c.;
(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and
(8) evidence or affidavit supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

7.     Plaintiff failed to follow the Policy's condition precedent requirements in several ways: (1) Plaintiff failed to preserve evidence of certain damaged areas, as Plaintiff had already removed/replaced the alleged damage before State Farm could complete its inspections; and (2) Plaintiff failed to mitigate damages, as required by the Policy. These failures were unreasonable and prejudiced State Farm's investigation of Plaintiff's claims.  Plaintiff, therefore, has failed to meet the Policy's conditions precedent and cannot recover, in whole or in part, on Plaintiff's breach-of-contract cause of action, and consequently on all of the other causes of action alleged in Plaintiff's Petition.

8.     **Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

9.     **Normal Wear and Tear.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

### SECTION I – LOSSES NOT INSURED

1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    * * * * *

    g. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

    * * * * *

    l. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings….

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    b.     defect, weakness, inadequacy, fault or unsoundness in:

    (2) design, specifications, workmanship, construction, grading, compaction;

    (3) materials used in construction or repair; or

    (4) maintenance;

    c.     weather conditions.

10.     **Flood, Surface Water or Neglect.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by flood, surface water or neglect. The policy states:

**SECTION I – LOSSES NOT INSURED**

2.     We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs…

* * * * *

c.     **Water Damage**, meaning:

(1)     Flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;

(2)     water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area…

(3)     water the below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or

(4)     material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

* * * * *

d.     **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

11.     **Personal Property.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were not proximately caused, in whole or in part, by a wind or hail created opening in the roof or a wall.  The policy states:

**COVERAGE B - PERSONAL PROPERTY**

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I - LOSSES NOT INSURED**:

2. **Windstorm or hail**. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

   This peril includes loss to watercraft of all types and their trailers, furnishings, equipment, and outboard motors, only while inside a fully enclosed building.

**SECTION I - LOSSES NOT INSURED**

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces…

12. **Bona Fide/Legitimate Dispute.** A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

13. **No Waiver.** Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

14. **Cap on Punitive Damages.** Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth

therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

15.     **Written Notice of Claim.**   Defendant specifically denies that Plaintiff provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, he is barred from recovering under Chapter 542 of the Texas Insurance Code. Defendant also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and Defendant specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

16.     **Chapter 542A.**   Defendant asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007. Further, Plaintiff failed to provide pre-suit notice stating the specific amount alleged to be owed as required by TEX. INS. CODE § 542A.003(b)(2).

### III.
### RIGHT TO AMEND

17.     State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

## IV.
## JURY DEMAND

**18.**     State Farm demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By:_____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,
STATE FARM LLOYDS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 18th day of April, 2019.

Shannon E. Loyd                                                                 <u>Via E-Service</u>
Sandrine Shelton-Denbow
The Loyd Law Firm, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249


_____
**DALE M. "RETT" HOLIDY**

# REGISTER OF ACTIONS
## CASE NO. 19-DCV-260926

| | | |
|---|---|---|
| Osman S. Mustafa V. State Farm Lloyds | § § § § § | Case Type: **Other Civil**<br>Date Filed: **03/26/2019**<br>Location: **240th District Court** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant or Respondent** | **State Farm Lloyds**<br>Austin, TX 78701-3218 | **Attorneys**<br>**Dale M. "Rett" Holidy**<br>*Retained*<br>713-650-1313(W) |
| **Plaintiff or Petitioner** | **Mustafa, Osman S.** | **Shannon E. Loyd**<br>*Retained*<br>210-775-1424(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 03/26/2019 | **Petition**     **Doc ID# 1** | |
| | *Plaintiff's Original Petition* | |
| 03/26/2019 | **Jury Fee Paid** | |
| | *Jury Fee Paid* | |
| 03/27/2019 | **Issuance**     **Doc ID# 2** | |
| | *Citation by CM Issued to State Farm L loyds* | |
| 03/27/2019 | **Citation by Certified Mail** | |
| | *CMRRR# 9414 7266 9904 2140 9901 54* | |
| | State Farm Lloyds | Unserved |
| 04/18/2019 | **Jury Fee Paid** | |
| | *Jury Fee Paid* | |
| 04/18/2019 | **Answer/Contest/Response/Waiver**     **Doc ID# 3** | |
| | *Defendant State Farm Lloyds' Original Answer* | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant or Respondent** State Farm Lloyds | | | |
| | Total Financial Assessment | | | 42.00 |
| | Total Payments and Credits | | | 42.00 |
| | **Balance Due as of 04/26/2019** | | | **0.00** |
| 04/22/2019 | Transaction Assessment | | | 42.00 |
| 04/22/2019 | E-filing | Receipt # 2019-27685-DCLK | State Farm Lloyds | (42.00) |
| | | | | |
| | **Plaintiff or Petitioner** Mustafa, Osman S. | | | |
| | Total Financial Assessment | | | 431.00 |
| | Total Payments and Credits | | | 431.00 |
| | **Balance Due as of 04/26/2019** | | | **0.00** |
| 03/27/2019 | Transaction Assessment | | | 431.00 |
| 03/27/2019 | E-filing | Receipt # 2019-21924-DCLK | Mustafa, Osman | (431.00) |